Michele A. Seltzer (SBN 209749)
Kenyon Harbison (SBN) 260416)
**SELTZER LEGAL GROUP, P.C.**
12121 Wilshire Blvd., Suite 300
Los Angeles, California 90025
Telephone:  (310) 894-6280
Facsimile: (310) 861-1948
mseltzer@seltzer-law.com
kenyon@seltzer-law.com

Attorney for Defendant Carmen Koros

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| KOROS USA INC., a California corporation, <br><br> Plaintiffs, <br><br> v. <br><br> STARK SURGICAL INSTRUMENTS, a California corporation; AARON STARK, an individual; CARMEN KOROS, an individual; and DOES 1-10, inclusive, <br><br> Defendants. | Case No.:  2:26-cv-05271-JLS-DMK <br><br> Complaint filed: May 15, 2026 <br> Assigned: Hon. Josephine L. Staton, 8A <br> Trial date: None set <br><br> **DEFENDANT CARMEN KOROS'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION; LIMITED APPEARANCE ONLY** |

///

///

1

**DEFENDANT CARMEN KOROS'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APP FOR TRO & OSC**

**TO ALL PARTIES, THEIR ATTORNEYS OF RECORD, AND THIS HONORABLE COURT**:

Defendant Carmen Koros ("Carmen") appears only for the limited purpose of opposing Plaintiff Koros U.S.A., Inc.'s *ex parte* application for a temporary restraining order and order to show cause re preliminary injunction. Carmen does not waive, and expressly preserves, all objections and defenses, including lack of personal jurisdiction, improper venue, insufficient process, insufficient service of process, and all defenses available under Federal Rule of Civil Procedure 12.

DATED: June 2, 2026                **SELTZER LEGAL GROUP, P.C.**

Michele Seltzer
Attorneys for Defendant CARMEN KOROS

## TABLE OF CONTENTS

I. INTRODUCTION ............................................................................... 1

II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ............. 2

    A.    The Related Koros Proceedings ……........................................ 2

    B.    The Ex Parte Application and Proposed Order ................................ 5

    C.    The Filed Proof of Service Does Not Cure the Separate
        Ex Parte Notice Defect ........................................................ 5

    D.    Plaintiff's Alleged Emergency Evidence Is Not About Carmen ...... 5

III. LEGAL STANDARD ........................................................................ 6

IV. ARGUMENT ................................................................................. 7

    A.    Carmen Makes a Limited Appearance and Preserves
        All Rule 12 Defenses ........................................................... 7

    B.    Plaintiff's Direct Contact with Carmen Was Improper
        and Does Not Satisfy Local Rule 7-19.1 ................................... 8

    C.    The Absence of a Preliminary-Injunction Hearing Date
        Confirms the Application Is Procedurally Defective
        as Framed ....................................................................... 9

    D.    Plaintiff Has Not Shown Exigency as to Carmen .......................... 9

    E.    Plaintiff Has Not Shown Likelihood of Success
        Against Carmen ................................................................ 10

    F.    The Related Procedural History Undermines Any Claim
        of a Sudden Carmen-Specific Emergency ................................ 11

    G.    The Balance of Equities and Public Interest
        Do Not Support Relief Against Carmen ................................... 12

    H.    Plaintiff's Proposed Order Is Facially Invalid
        and No Bond Is Proposed ................................................... 13

SELTZER
LEGAL GROUP
LOS ANGELES

DEFENDANT CARMEN KOROS'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APP FOR TRO & OSC

I.    Carmen Reserves Sanctions and Requests That the Court Consider an OSC if Plaintiff Persists ............................ 13

V. CONCLUSION ................................................................................. 14

## TABLE OF AUTHORITIES

AMN Healthcare, Inc. v. Aya Healthcare Services, Inc.,
28 Cal. App. 5th 923 (2018) ..................................................................... 11

Barber v. Miller,
146 F.3d 707 (9th Cir. 1998) ................................................................... 13

Caribbean Marine Services Co. v. Baldrige,
844 F.2d 668 (9th Cir. 1988) ..................................................................... 6

Chambers v. NASCO, Inc.,
501 U.S. 32 (1991) .................................................................................. 13

Christian v. Mattel, Inc.,
286 F.3d 1118 (9th Cir. 2002) ................................................................ 13

Edwards v. Arthur Andersen LLP,
44 Cal. 4th 937 (2008) ............................................................................ 11

Fink v. Gomez,
239 F.3d 989 (9th Cir. 2001) ................................................................... 13

Harris v. County of Orange,
682 F.3d 1126 (9th Cir. 2012) ................................................................... 3

Herb Reed Enterprises, LLC v. Florida Entertainment Management, Inc.,
736 F.3d 1239 (9th Cir. 2013) ................................................................... 6

Holgate v. Baldwin,
425 F.3d 671 (9th Cir. 2005) ................................................................... 13

IMAX Corp. v. Cinema Technologies, Inc.,
152 F.3d 1161 (9th Cir. 1998) ................................................................ 10

ii

SELTZER
LEGAL GROUP
LOS ANGELES

InfoSpan, Inc. v. Emirates NBD Bank PJSC,
    903 F.3d 896 (9th Cir. 2018) ...................................................................... 8

InteliClear, LLC v. ETC Global Holdings, Inc.,
    978 F.3d 653 (9th Cir. 2020) ...................................................................... 10

Khoja v. Orexigen Therapeutics, Inc.,
    899 F.3d 988 (9th Cir. 2018) ...................................................................... 3

Lee v. City of Los Angeles,
    250 F.3d 668 (9th Cir. 2001) ...................................................................... 3

Mission Power Engineering Co. v. Continental Casualty Co.,
    883 F. Supp. 488 (C.D. Cal. 1995) ...................................................... 6, 10

Radcliffe v. Rainbow Construction Co.,
    254 F.3d 772 (9th Cir. 2001) ...................................................................... 13

Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc.,
    944 F.2d 597 (9th Cir. 1991) ................................................................ 6, 12

Reno Air Racing Ass'n, Inc. v. McCord,
    452 F.3d 1126 (9th Cir. 2006) ........................................................ 6, 10, 12

Reyn's Pasta Bella, LLC v. Visa USA, Inc.,
    442 F.3d 741 (9th Cir. 2006) ...................................................................... 3

Schmidt v. Lessard,
    414 U.S. 473 (1974) .............................................................................. 7, 9

The Retirement Group v. Galante,
    176 Cal. App. 4th 1226 (2009) .................................................................. 11

Whyte v. Schlage Lock Co.,
    101 Cal. App. 4th 1443 (2002) .................................................................. 11

Winter v. Natural Resources Defense Council, Inc.,
    555 U.S. 7 (2008) ................................................................................ 6, 12

///

///

SELTZER
LEGAL GROUP
LOS ANGELES

**DEFENDANT CARMEN KOROS'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APP FOR TRO & OSC**

## STATUTES AND RULES

**STATUTES**

18 U.S.C. § 1836(b)(3)(A)(i)(I)-(II) ....................................................................... 11
28 U.S.C. § 1927 ............................................................................................. 13, 14
California Business and Professions Code § 16600 ........................................... 11
California Corporations Code § 1602 ............................................................... 4, 12


**RULES**

Federal Rule of Civil Procedure 5(b)(2)(E) ........................................................ 9
Federal Rule of Civil Procedure 11(c)(2) ........................................................ 13
Federal Rule of Civil Procedure 11(c)(3) ........................................................ 14
Federal Rule of Civil Procedure 12(b)(2) ...................................................... 1, 7
Federal Rule of Civil Procedure 12(b)(4) ......................................................... 1
Federal Rule of Civil Procedure 12(b)(5) ...................................................... 1, 8
Federal Rule of Civil Procedure 12(h) ............................................................. 1
Federal Rule of Civil Procedure 12(h)(1) ......................................................... 8
Federal Rule of Civil Procedure 65(a)(1) ...................................................... 7, 9
Federal Rule of Civil Procedure 65(b)(1)(A)-(B) .............................................. 7
Federal Rule of Civil Procedure 65(b)(2) ...................................................... 5, 7
Federal Rule of Civil Procedure 65(b)(3) ...................................................... 7, 9
Federal Rule of Civil Procedure 65(c) .......................................................... 7, 13
Federal Rule of Civil Procedure 65(d)(1) ......................................................... 7
Federal Rule of Evidence 201(b)-(c) ................................................................. 3
California Rules of Professional Conduct Rule 1.0.1(f) .................................... 8
California Rules of Professional Conduct Rule 4.2(a) ..................................... 2, 8
C.D. Cal. Local Rule 5-3.2.1 ............................................................................. 9
C.D. Cal. Local Rule 7-19 ............................................................................. 7, 9
C.D. Cal. Local Rule 7-19.1 ...................................................................... 2, 8, 9
C.D. Cal. Local Rule 7-19.2 ............................................................................. 7
C.D. Cal. Local Rule 65-1 ............................................................................. 7, 9
C.D. Cal. Local Rule 83-3.1.2 ...................................................................... 2, 8

SELTZER
LEGAL GROUP
LOS ANGELES

iv

**DEFENDANT CARMEN KOROS'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APP FOR TRO & OSC**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Carmen has nothing to do with the relief Plaintiff, Koros U.S.A., through her husband, Tibor Koros ("Tibor"), seeks on an emergency basis. The *ex parte* application is directed at alleged conduct by her son-in-law Aaron Stark and Stark Surgical Instruments ("SSI"), yet asks this Court to restrain Carmen based on group allegations and no evidence linking Carmen to any of the claims.

Plaintiff filed a proof of service purporting that Carmen was served on May 27, 2026. Carmen adamantly disputes that she was actually served and reserves all rights under Rules 12(b)(2), 12(b)(4), 12(b)(5), and 12(h). But the Court need not resolve service in this emergency posture. Even assuming arguendo that Plaintiff could establish service of process, the *ex parte* application still fails because Plaintiff did not give proper notice to known counsel for a represented party, did not establish Rule 65 exigency as to Carmen, did not submit Carmen-specific evidence, did not lodge a Rule 65(d)-compliant order, and did not address Rule 65(c) security or justify any proposed bond amount.

The notice problem is not that Carmen never received an email attaching the papers. The problem is that Plaintiff's counsel called Carmen directly and Carmen advised counsel she was represented. Koros U.S.A. and its counsel already knew that Carmen was represented because Carmen has been represented in lengthy existing disputes and ongoing litigation between the parties, including Carmen's most recent May 22, 2026 demand that her counsel sent to all known counsel for Koros U.S.A., as well as to Tibor Koros, Gabriel Koros. Seltzer Decl., Ex. A. Also on May 22, 2026, Cohen Law sent correspondence on Carmen's behalf as co-trustee seeking mediation concerning the Koros Family Trust and Koros U.S.A. ownership issues. Seltzer Decl., Ex. B. Instead of notifying Carmen's counsel, Plaintiff's counsel contacted Carmen directly and then sought to use that direct contact as *ex parte* notice. Local Rule 7-19.1 requires notice to opposing counsel where counsel

is known. California Rule of Professional Conduct 4.2 and C.D. Cal. Local Rule 83-3.1.2 independently confirm the impropriety.

Substantively, the *ex parte* application pleads no facts against Carmen, and certainly none supporting any emergency relief. The only evidence offered is a solicitation email from Stark Surgical/Aaron Stark. It does not reference Carmen, copy Carmen, identify Carmen, or connect Carmen to any solicitation, sale, manufacture, distributor contact, trade secret, or contract. The fact that Plaintiff may wish to proceed urgently against Stark or SSI does not create exigency as to Carmen.

More importantly, this is not a sudden, isolated corporate emergency. It is the latest filing in an interconnected series of Koros family, trust, corporate, federal, arbitration, conservatorship, and dissolution disputes over ownership and control of Koros U.S.A. Koros U.S.A. previously sued Carmen and their son, Paul, in Ventura Superior Court on virtually identical claims:  Carmen, allegedly Paul Koros, and Koros Surgical—a company that existed only as a formed entity—compete with Koros U.S.A. using trade secrets, assets, operations, customers, and goodwill. See RJN Ex. C. This new case substitutes son-in-law Aaron Stark/SSI for son Paul/Koros Surgical and again uses Koros U.S.A. to sue Carmen in the midst of pending family/trust/corporate disputes. Instead, this motion comes right before Koros U.S.A.'s response was due to the Corporations Code demand that Carmen made. That history confirms the absence of *any* emergency and underscores why *ex parte* relief is improper.

## II.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

### A. The Related Koros Proceedings.

The Koros disputes involve multiple overlapping matters. Carmen requests judicial notice of the court records and public filings identified in her concurrently filed Request for Judicial Notice ("RJN") for the limited purpose of establishing the existence of those filings, the procedural history, the allegations and positions

2

SELTZER
LEGAL GROUP
LOS ANGELES

taken, and the rulings entered, not for the truth of disputed factual assertions. Fed. R. Evid. 201(b)-(c); Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 998-1000 (9th Cir. 2018); Harris v. County of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012); Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Lee v. City of Los Angeles, 250 F.3d 668, 689-90 (9th Cir. 2001).

First, the pending federal litigation is entitled Koros USA Inc., et al. v. Gabriel Koros, et al., United States District Court, Central District of California, Case No. 2:21-cv-07450-JAK-JC, which is also associated with JAMS Commercial Arbitration Case No. 5220003481 (the "Gabriel Matter"). In the Gabriel matter, Koros U.S.A. and Tibor asserted claims including correction of inventorship, DTSA trade-secret misappropriation, breach of fiduciary duty, conversion, breach of contract, declaratory relief, and unfair competition. RJN Ex. F. Gabriel and related entities filed cross-claims naming Koros U.S.A., Tibor, Carmen, and others, including trade secret, fiduciary, conversion, elder abuse, constructive trust, and declaratory relief theories. RJN Ex. G. That proceeding has long placed Koros U.S.A. ownership, management, control, and trade-secret allegations in dispute.

Second, is Carmen Koros v. Tibor Koros, Ventura County Superior Court Case No. D410853 (the "Family Law Matter"). Carmen contends the automatic temporary restraining orders and fiduciary obligations in that matter are implicated by Tibor's repeated use of Koros U.S.A. and disputed corporate authority to sue Carmen and affect marital, trust, and corporate property. The existence of this related proceeding and its relationship to the Koros corporate disputes was identified in the prior Ventura anti-SLAPP record and is also reflected in the May 22 correspondence, as well as other records which are omitted for the sake of brevity. RJN Exs. D-E; Seltzer Decl., Exs. A-B.

Third is Estate of Tibor Bela Koros, Ventura County Superior Court Case No. 2024PRCE27514 (the "Conservatorship Petition"). Prior Ventura filings identified that proceeding as arising from a request by the family to conserve Tibor

based on family concerns regarding Tibor's cognitive capacity in light of his dementia diagnosis and to address continuing management of Koros U.S.A. Carmen cites that proceeding as procedural context only, not for the truth of disputed allegations. RJN Exs. D-E.

Fourth, is the prequel case against Carmen and Paul (different son, almost same claims):  Koros U.S.A., Inc. v. Carmen Koros, et al., Ventura County Superior Court Case No. 2025CUBT037173 ("State Court Case"). Koros U.S.A. sued Carmen and their son, Paul Koros, for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, misappropriation of trade secrets, accounting, conversion, and declaratory relief. RJN Ex. C. The First Amended Complaint alleged that Carmen and Paul set up Koros Surgical, that Koros Surgical competed with Koros U.S.A. by using Koros U.S.A. trade secrets and possibly other assets, and that Carmen misused her position to transfer assets, trade secrets, and operations of Koros U.S.A. to Koros Surgical. RJN Ex. C. Carmen filed an anti-SLAPP motion. RJN Ex. D. The Ventura court granted the motion in part and striking portions of Tibor's declaration therein with relevant contrary positions as to those taken in the Complaint filed herein, but which is only offered here to note its existence. RJN Ex. E. Tibor, on behalf of Koros U.S.A., dismissed that action without prejudice.

Fifth, immediately before this federal *ex parte* application, counsel for Carmen served two May 22, 2026 communications directed to the disputed corporate/trust control issues. The director inspection demand advised Koros U.S.A., Tibor, Gabriel, and counsel that Seltzer Legal Group represents Carmen, asserted Carmen's director/officer status, and demanded corporate records, attorney files, litigation files, and governance records under Corporations Code section 1602, with a June 1, 2026 response deadline. Seltzer Decl., Ex. A. The trust mediation letter, sent by Cohen Law on Carmen's behalf as co-trustee, asserted that the Koros Family Trust owns 175 Koros U.S.A. shares, that the Trust is the shareholder and not Tibor individually, and requested mediation concerning trust

disputes. Seltzer Decl., Ex. B. Plaintiff filed the current *ex parte* application on May 28, 2026, before the June 1 response deadline.

**B. The *Ex Parte* Application and Proposed Order**

Plaintiff filed its *ex parte* application on May 28, 2026, seeking an order restraining all "Defendants" from manufacturing, marketing, selling, or distributing medical devices that Plaintiff claims are identical or nearly identical to its products. Dkt. 14 at ii:4-13; Dkt. 14 at 1:3-9. Plaintiff's proposed order contains no actual operative restraint, no expiration date, no bond, no Rule 65(b)(2) findings, and no preliminary-injunction return date. It simply states that the Court "GRANTS the Application." Dkt. 14-1 at 2:1-5.

**C. The Filed Proof of Service Does Not Cure the Separate *Ex Parte* Notice Defect**

A proof of service is now reportedly on file stating that Carmen was served on May 27, 2026. Carmen disputes actual service and reserves all Rule 12 objections. But this opposition does not depend on asking the Court to adjudicate service of process. The immediate issue is that Plaintiff sought emergency relief against a represented party by contacting the represented party directly rather than known counsel.

Plaintiff's counsel attests that he called Carmen directly at approximately 1:39 p.m. on May 28, 2026, and followed up with an email to an address he found online. Dkt. 14 at 19:4-14. During the call, Carmen informed him she was represented. The email attached the *ex parte* materials, but that does not cure the problem: notice under Local Rule 7-19.1 was required to known opposing counsel, and ethical rules barred direct communication about the subject of the representation with a represented party.

**D. Plaintiff's Alleged Emergency Evidence Is Not About Carmen**

The asserted emergency is a solicitation email from Stark Surgical/Aaron Stark, not Carmen. Dkt. 14 at 16:7-18; Ex. D. The email does not identify Carmen

as author, sender, recipient, owner, manager, salesperson, manufacturer, financier, or participant. It also was forwarded to Plaintiff's counsel on May 21, 2026, one week before the May 28, 2026 *ex parte* filing, defeating any claim that Plaintiff could not notify Carmen's counsel and allow Carmen a meaningful opportunity to respond before seeking relief against her.

## III.    LEGAL STANDARD

A temporary restraining order is "an extraordinary remedy never awarded as of right." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008). Plaintiff must make a clear showing of likelihood of success on the merits, likely irreparable harm, a balance of equities in its favor, and consistency with the public interest. Id. at 20-24. Speculative injury is insufficient. *Caribbean Marine Services Co. v. Baldrige*, 844 F.2d 668, 674-75 (9th Cir. 1988). Generalized assertions of lost goodwill or reputational harm are insufficient without evidence. *Herb Reed Enterprises, LLC v. Florida Entertainment Management, Inc.*, 736 F.3d 1239, 1250-51 (9th Cir. 2013). Purely economic injury ordinarily does not support irreparable harm because it can be remedied by damages. *Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991).

*Ex parte* relief is even more disfavored. The Ninth Circuit has cautioned that *ex parte* applications contravene the structure and spirit of the Federal Rules because they bypass the adversarial process. *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1130-31 (9th Cir. 2006). This District has likewise held that *ex parte* relief requires genuine urgency and may not be used as a shortcut where the crisis is of the moving party's own making. *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 490-92 (C.D. Cal. 1995).

Rule 65(a)(1) provides that a preliminary injunction may issue "only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). A TRO without notice may issue only if specific facts in an affidavit or verified complaint clearly show immediate and irreparable injury before the adverse party can be heard, and counsel

6

SELTZER LEGAL GROUP
LOS ANGELES

certifies in writing efforts made to give notice and why notice should not be required. Fed. R. Civ. P. 65(b)(1)(A)-(B). If a no-notice TRO issues, it must state the date and hour issued, describe the injury, state why it is irreparable, state why the order issued without notice, be promptly filed, and expire within the time permitted by the rule. Fed. R. Civ. P. 65(b)(2). The preliminary injunction motion must then be set for hearing at the earliest possible time. Fed. R. Civ. P. 65(b)(3).

Rule 65(c) requires security in an amount the Court considers proper. Fed. R. Civ. P. 65(c). A proposed TRO therefore should address security and provide a basis for the amount requested, including any request for nominal or no security. Rule 65(d)(1) requires every injunction and TRO to state reasons, state terms specifically, and describe in reasonable detail the acts restrained or required without incorporating another document by reference. Fed. R. Civ. P. 65(d)(1). These specificity requirements are "no mere technical requirements." Schmidt v. Lessard, 414 U.S. 473, 476 (1974).

The Central District's Local Rules reinforce these requirements. Local Rule 7-19 requires an *ex parte* application to identify opposing counsel if known, state the reasons for *ex parte* relief, and lodge a proposed order. C.D. Cal. L.R. 7-19. Local Rule 7-19.1 requires reasonable, good-faith efforts to advise counsel for all other parties, if known, of the date and substance of the application, and to advise the Court in writing and under oath of those efforts and whether opposing counsel opposes. Local Rule 7-19.2 permits waiver of notice only if the interests of justice require it, and in the TRO context only when Rule 65(b) is satisfied. Local Rule 65-1 requires a TRO application to include an application, proposed TRO, a declaration setting forth Rule 65(b)(1)(A)-(B) facts and certification, and a proposed OSC re preliminary injunction.

## IV.   ARGUMENT

### A. Carmen Makes a Limited Appearance and Preserves All Rule 12 Defenses.

SELTZER LEGAL GROUP
LOS ANGELES

**DEFENDANT CARMEN KOROS'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APP FOR TRO & OSC**

Carmen appears only for the limited purpose of opposing the *ex parte* application. This opposition is not a general appearance and does not waive objections to personal jurisdiction, venue, process, or service. A defendant that timely asserts and maintains a personal-jurisdiction defense does not waive it merely by defending against requested relief on the merits. *InfoSpan, Inc. v. Emirates NBD Bank PJSC*, 903 F.3d 896, 900-02 (9th Cir. 2018); see also Fed. R. Civ. P. 12(b)(2)-(5), 12(h)(1). Carmen disputes that she was actually served on May 27, 2026, notwithstanding the filed proof of service, and reserves all rights to challenge service, process, jurisdiction, and venue in any responsive pleading or Rule 12 motion. For purposes of this *ex parte* opposition, however, the Court can deny relief without deciding any service dispute.

**B. Plaintiff's Direct Contact with Carmen Was Improper and Does Not Satisfy Local Rule 7-19.1**

Plaintiff's counsel knew or should have known Carmen was represented. Seltzer Legal Group represented Carmen in the prior Koros U.S.A. litigation, anti-SLAPP proceedings, corporate-authority disputes, and related family/corporate matters. On May 22, 2026, Seltzer Legal Group served a director inspection demand on Koros U.S.A., Tibor, Gabriel, and counsel expressly stating: "This office represents Carmen Koros." Seltzer Decl., Ex. A. On the same date, Cohen Law sent correspondence on Carmen's behalf as co-trustee of the Koros Family Trust. Seltzer Decl., Ex. B.

California Rule of Professional Conduct 4.2(a) provides that, in representing a client, a lawyer shall not communicate directly or indirectly about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the other lawyer consents or the communication is otherwise authorized by law or court order. Knowledge may be inferred from the circumstances. Cal. Rules Prof. Conduct, rule 1.0.1(f). This Court adopts California standards of professional conduct. C.D. Cal. L.R. 83-3.1.2.

Local Rule 7-19.1 likewise required reasonable, good-faith notice efforts to opposing counsel, if known. C.D. Cal. L.R. 7-19.1. Counsel's direct call and email to Carmen, even if the email attached the application papers, was not proper notice to known counsel and should not be credited as adequate *ex parte* notice. Nor does Plaintiff's CM/ECF certificate solve the problem; it confirms service only on registered attorneys, while Carmen had not appeared in this action. See Fed. R. Civ. P. 5(b)(2)(E); C.D. Cal. L.R. 5-3.2.1. In any event, Rule 5 electronic service does not excuse the independent notice, certification, and proposed-order requirements of Rule 65 and Local Rules 7-19 and 65-1.

### C. The Absence of a Preliminary-Injunction Hearing Date Confirms the Application Is Procedurally Defective as Framed

An *ex parte* application does not necessarily include the hearing date required for a regularly noticed motion. But Plaintiff sought both a TRO and an OSC re preliminary injunction. Rule 65(a)(1) requires notice before any preliminary injunction may issue, and Rule 65(b)(3) requires that, if a no-notice TRO issues, the preliminary-injunction motion be set for hearing at the earliest possible time. Fed. R. Civ. P. 65(a)(1), (b)(3). Local Rule 65-1 requires a proposed TRO and a proposed OSC re preliminary injunction. C.D. Cal. L.R. 65-1.

Plaintiff's proposed order contains no hearing date, return date, briefing schedule, expiration date, bond, or Rule 65(b)(2) findings. Dkt. 14-1 at 2:1-5. It simply grants the application wholesale. That is not a proper TRO and not a proper OSC. If signed, it would leave Carmen uncertain what conduct is prohibited, when the order expires, whether security is required, and when she may be heard. Rule 65(d) forbids that uncertainty. Schmidt, 414 U.S. at 476.

### D. Plaintiff Has Not Shown Exigency as to Carmen

Even assuming Plaintiff claims urgency as to Stark or SSI, Plaintiff has not shown urgency as to Carmen. The only specific solicitation evidence is an Aaron Stark/Stark Surgical email. Dkt. 14, Ex. D. Carmen did not send it, is not copied on

it, and is not identified in it. No declaration states that Carmen manufactured, marketed, sold, distributed, financed, controlled, directed, or solicited anything.

The timing independently defeats *ex parte* urgency. The alleged solicitation was forwarded to Plaintiff's counsel on May 21, 2026. Dkt. 14, Ex. D. On May 22, Carmen's counsel served the corporate inspection demand and Cohen Law sent the Trust mediation request, both concerning the same broader Koros U.S.A. ownership/control disputes. Seltzer Decl., Exs. A-B. Plaintiff waited until May 28 to file, and then sought emergency relief against Carmen without notifying her known counsel. That sequence is inconsistent with the claim that Carmen had to be restrained before her counsel could be notified and heard. *Reno Air*, 452 F.3d at 1130-31; *Mission Power*, 883 F. Supp. at 490-92.

### E.  Plaintiff Has Not Shown Likelihood of Success Against Carmen

Plaintiff's *ex parte* application expressly focuses on trade-secret misappropriation and breach of contract. Dkt. 14 at 8:16-25. Neither supports relief against Carmen.

First, the contract claim is based on a Proprietary Information and Inventions Assignment Agreement allegedly signed by Aaron Stark. Dkt. 14 at 5:18-23; Dkt. 14 at 10:3-9. Carmen did not sign that agreement, and Plaintiff identifies no contract binding Carmen to the obligations asserted in the application.

Second, Plaintiff does not identify any trade secret that Carmen acquired, disclosed, or used. Under the DTSA, Plaintiff must identify a trade secret with sufficient particularity to distinguish it from matters of general knowledge or skill in the trade. *InteliClear, LLC v. ETC Global Holdings, Inc.*, 978 F.3d 653, 657-59 (9th Cir. 2020); IMAX Corp. v. Cinema Technologies, Inc., 152 F.3d 1161, 1164-67 (9th Cir. 1998). Plaintiff instead recites broad categories such as product designs, manufacturing insights, customer preferences, quality standards, manufacturing procedures, sales strategies, business plans, and customers/distributors. Those categories do not identify a Carmen-specific trade

SELTZER
LEGAL GROUP
LOS ANGELES

secret or a Carmen-specific act of misappropriation.

Third, federal and California law do not permit a competitor-shutdown order based on inevitable disclosure or general knowledge. The DTSA provides that an injunction may not prevent a person from entering an employment relationship; any employment conditions must be based on evidence of threatened misappropriation and not merely on the information the person knows; and the injunction may not otherwise conflict with applicable state law prohibiting restraints on lawful profession, trade, or business. 18 U.S.C. section 1836(b)(3)(A)(i)(I)-(II). California Business and Professions Code section 16600 voids restraints on lawful profession, trade, or business except as provided by statute, and California courts apply that rule broadly. *Edwards v. Arthur Andersen LLP*, 44 Cal. 4th 937, 946-50 (2008). To the extent Plaintiff seeks to restrict solicitation, employment mobility, or use of non-trade-secret confidential information, such restraints are independently suspect under California law. *AMN Healthcare, Inc. v. Aya Healthcare Services, Inc.*, 28 Cal. App. 5th 923, 936-41 (2018). California also rejects inevitable disclosure as a substitute for proof of actual or threatened misappropriation. *Whyte v. Schlage Lock Co.*, 101 Cal. App. 4th 1443, 1462-64 (2002); *The Retirement Group v. Galante*, 176 Cal. App. 4th 1226, 1238-39 (2009).

**F. The Related Procedural History Undermines Any Claim of a Sudden Carmen-Specific Emergency**

The judicially noticeable record shows the new application is part of a broader litigation pattern, not a sudden Carmen-related emergency. In January 2025, Koros U.S.A. sued Carmen and Paul Koros in Ventura Superior Court, alleging nearly identical claims. RJN Ex. C. That FAC alleged Carmen instigated the Tibor/Gabriel dispute, maneuvered behind the scenes, set up or assisted Koros Surgical with her son, Paul, and caused Koros Surgical to compete with Koros U.S.A. using trade secrets and possibly other assets. RJN Ex. C.

The federal complaint now asserts a substantially similar Carmen-centered

SELTZER LEGAL GROUP LOS ANGELES

**DEFENDANT CARMEN KOROS'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APP FOR TRO & OSC**

theory, alleging that Carmen secretly knew of and encouraged son-in-law Aaron Stark's competing business, allegedly supported him with capital or assistance, and breached fiduciary duties through that alleged support. Dkt. 1, paragraphs 22-24, 29, 56-65. Plaintiff's repackaging of the same theory with Stark/SSI substituted for Paul/Koros Surgical undermines any claim of sudden emergency as to Carmen.

The prior anti-SLAPP ruling also matters. The Ventura court granted Carmen's anti-SLAPP motion in part, struck allegations in paragraph 36(g) of the complaint and paragraph 35(g) of the FAC with prejudice, and sustained Carmen's evidentiary objection No. 17 to Tibor Koros's declaration. RJN Ex. E. Carmen does not contend that the state ruling decides this federal action. It does show, however, that Koros U.S.A. has already advanced aggressive Carmen-focused allegations and the only change is the Koros family member sued with Carmen.

The May 22 correspondence further confirms the timing and retaliation concerns. Carmen's counsel demanded records under Corporations Code section 1602 and challenged Tibor's unilateral corporate authority before the response deadline had run, including his use of the company against Carmen. Seltzer Decl., Ex. A. Carmen's probate counsel, Cohen Law, simultaneously sought mediation concerning the Trust, asserting that the Koros Family Trust owns 175 shares of Koros U.S.A. and that the Trust, not Tibor individually, is the shareholder. Seltzer Decl., Ex. B. Instead of responding, counsel "served" Carmen with an *ex parte*.

**G. The Balance of Equities and Public Interest Do Not Support Relief Against Carmen**

Plaintiff seeks to restrain a represented individual based on group allegations and evidence directed at others. Due process, the adversarial system, lawful competition, and the public interest in ethical conduct by counsel all weigh against *ex parte* relief. *Winter*, 555 U.S. at 24; *Reno Air*, 452 F.3d at 1130-31. Plaintiff's claimed loss of revenue is unsupported by books, invoices, customer declarations, or any evidence tying the loss to Carmen. Dkt. 14 at 16:1-18. Monetary loss alone

is generally compensable and cannot support extraordinary emergency relief against Carmen without specific evidence of irreparable injury caused by her. *Rent-A-Center*, 944 F.2d at 603.

### H. Plaintiff's Proposed Order Is Facially Invalid and No Bond Is Proposed

Plaintiff's proposed order violates Rule 65(d). It does not state reasons, terms, acts restrained, duration, or Rule 65(c) security. Dkt. 14-1 at 2:1-5. It incorporates the application wholesale, which Rule 65(d)(1) forbids. The Court should deny the application. If any relief were considered, it must be narrowly tailored to specific evidence and supported by security in an amount the Court considers proper under Rule 65(c), or by findings explaining why nominal or no security is appropriate.

### I. Carmen Reserves Sanctions and Requests That the Court Consider an OSC if Plaintiff Persists

Carmen does not bring a Rule 11 motion through this limited opposition. Rule 11(c)(2) requires a sanctions motion to be made separately, served, and not filed if the challenged paper is withdrawn or corrected within twenty-one days. Fed. R. Civ. P. 11(c)(2); *Barber v. Miller*, 146 F.3d 707, 710-11 (9th Cir. 1998); *Radcliffe v. Rainbow Construction Co.*, 254 F.3d 772, 788-89 (9th Cir. 2001); *Holgate v. Baldwin*, 425 F.3d 671, 677-78 (9th Cir. 2005).

Carmen reserves all rights to seek relief under Rule 11, 28 U.S.C. section 1927, the Court's inherent authority, and applicable ethical rules, but recognizes that section 1927 addresses unreasonable and vexatious multiplication of proceedings by counsel and that inherent-power sanctions require bad faith or conduct tantamount to bad faith. See *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991); *Fink v. Gomez*, 239 F.3d 989, 993-94 (9th Cir. 2001). If Plaintiff persists in seeking emergency relief against Carmen without competent evidence of Carmen-specific conduct and after notice of the defects identified herein, Carmen respectfully requests that the Court

consider whether an order to show cause is warranted under Rule 11(c)(3), 28 U.S.C. section 1927, or the Court's inherent authority.

## V.   CONCLUSION

Carmen respectfully requests that the Court deny Plaintiff's *ex parte* application as to Carmen. In the alternative, the Court should defer any relief against Carmen until Plaintiff provides proper notice to Carmen's counsel, identifies specific trade secrets, submits admissible Carmen-related evidence, lodges a Rule 65-compliant proposed order, and addresses and provides meaningful security. Carmen further requests that the Court confirm this opposition is a limited appearance only and does not waive Carmen's objections to personal jurisdiction, venue, process, service of process, or any other Rule 12 defense.

DATED: June 2, 2026                    **SELTZER LEGAL GROUP, P.C.**

Michele Seltzer
Attorneys for Defendant CARMEN KOROS

SELTZER
LEGAL GROUP
LOS ANGELES

14

**DEFENDANT CARMEN KOROS'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APP FOR TRO & OSC**

## <u>PROOF OF SERVICE</u>

I am employed in Los Angeles County, State of California.  I am over the age of 18 years and not a party to this action.  My business address is 12121 Wilshire Boulevard, Suite 300, Los Angeles, CA 90025.

On June 2, 2026, I served the foregoing document(s), bearing the name(s): **DEFENDANT CARMEN KOROS'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION; LIMITED APPEARANCE ONLY** on each interested party as indicated below:

John M. Begakis, Esq.                    Counsel for Plaintiff
Veronica H. Hartling, Esq.
ALTVIEW LAW GROUP, LLP
9454 Wilshire Blvd., Suite 825
Beverly Hills, CA 90025
P: (310) 230-5580
*john@altviewlawgroup.com*
*veronica@altviewlawgroup.com*

**[ X ]      BY E-MAIL:**  I transmitted said document(s) via e-mail on this date to the above-named party(ies) as indicated.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 2, 2026, at Los Angeles, California.

_____
Debbie Johnston

SELTZER
LEGAL GROUP
LOS ANGELES

15